UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
VERNON HACKWORTH

Plaintiff,

-against-

ERROL D. TOULOUN JR., CAPTAIN KEYS REALTY, INC., RICHARD COHEN, PATRICIA M. BLAKE, and SHERIFF BADGE No. 680,

Defendants.
---------------------------------------------------------------x

**MEMORANDUM AND ORDER**
26-CV-06952 (OEM) (ST)

ORELIA E. MERCHANT, United States District Judge:

On October 28, 2026, pro se plaintiff Vernon Hackworth ("Plaintiff")[1] commenced this action against Errol D. Toulon Jr., Sheriff of Suffolk County, Captain Keys Realty, Inc., Richard Cohen, Patricia M. Blake, and Sheriff Badge No. 680 ("Defendants"). Complaint at 1-3, Dkt. 1 ("Complaint" or "Compl."). That same day, Plaintiff filed a Proposed Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction, Dkt. 2 ("Proposed OTSC"), seeking injunctive relief related to the execution of a state-court Warrant of Eviction, Captain Keys Realty, Inc. v. Hackworth, Index No. LT-800002-26/BVR (Suffolk County District Court, 6th District,

[1] The Court notes that an additional prospective plaintiff, Antonio Vega, has been included on some of the filings, but did not sign the Complaint itself. *See* Complaint at 6-7, Dkt. 1 ("Complaint" or "Compl."); Joint Undertaking Under Rule 65(c) of the Federal Rules of Civil Procedure, Dkt. 1-1; Civil Cover Sheet at 1, Dkt. 1-2; Memorandum of Law in Support of Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction at 1, 3, Dkt. 2-1 ("Memorandum" or "Mem."); Declaration of Vernon Hackworth in Support of Order to Show Cause for a Temporary Restraining Order & Preliminary Injunction at 1, Dkt. 2-2; Exhibit List in Support of Order to Show Cause for a Temporary Restraining Order & Preliminary Injunction at 1, Dkt. 2-3. Under Federal Rule of Civil Procedure Rule 11(a), "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause."); *Johnson v. Ikezi*, 20-CV-2792 (LDH) (CLP), 2021 WL 1091910, at 1 n.1 (E.D.N.Y. Mar. 22, 2021) (recognizing only one plaintiff where an initial complaint was purportedly brought by two individuals, but signed by only one); *Podius v. Fed. Bureau of Prisons*, 16-CV-6121 (RRM) (PK), 2017 WL 1040372, at *3 (E.D.N.Y. Mar. 16, 2017) ("Not all of the prospective plaintiffs named in the Complaint actually signed the Complaint . . . [o]nly those individuals who signed the Complaint . . . are properly considered Plaintiffs at this time"). Because Antonio Vega did not sign the Complaint, he is not currently a plaintiff in the case.

Patchogue) ("Warrant of Eviction") on the property 5 Chestnut Street, Brookhaven, New York, 11719 ("Property"). Proposed OTSC at 1. "Plaintiff asks the Court to stop a lockout set to occur on or after October 29, 2026 under a Warrant of Eviction issued without a hearing on the service of process denied under oath and without a decision on the challenge to jurisdiction." Memorandum of Law in Support of Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction at 1, Dkt. 2-1 ("Memorandum" or "Mem."). For the following reasons, Plaintiff's Proposed OTSC is denied.

## DISCUSSION

### A. Notice

Plaintiff seeks a temporary restraining order and preliminary injunction without notice to the named Defendants. Per Federal Rule of Civil Procedure 65(b)(1), a court may issue a temporary restraining order without notice to the adverse party or its attorney only if, "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Additionally, this District's Local Civil Rule 6.1(d) provides that "[n]o ex parte order, or order to show cause to bring on a motion, will be granted, except upon a clear and specific showing by affidavit that contains good and sufficient reasons why a procedure other than by notice of motion is necessary and states whether a previous application for similar relief has been made."

The "stringent restrictions" placed on ex parte temporary restraining orders "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose*

*Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70*, 415 U.S. 423, 438-39 (1974); *see also Zapoteco v. Rapi, Inc.*, 20-cv-6335 (LDH) (RER), 2021 WL 10717527, at *1 (E.D.N.Y. Jan. 8, 2021) (same). Here, even though Plaintiff, due to pro se status, is to be held to "less stringent standards" than lawyers, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), "*pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them." *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008).

Plaintiff has not provided the Court with specific facts that clearly show good and sufficient reasons why notice to Defendants, who have not yet been served, should not be required. *See Peters v. Cafton Towers Owners Corp.*, 25-CV-4176 (RPK) (JRC), 2025 WL 2163391, at *1 (E.D.N.Y. July 30, 2025) (denying plaintiff's request for temporary restraining order and preliminary injunction enjoining an eviction where plaintiff commenced the action three days before the scheduled eviction); *see generally* Proposed OTSC; Mem. Accordingly, Plaintiff's Emergency Motion seeking a temporary restraining order and preliminary injunction without notice on the Defendants is denied.

**B. Anti-Injunction Act**

Additionally, even were Plaintiff to meet the threshold required to file an ex parte temporary restraining order or preliminary injunction, Plaintiff's claim is barred by the Anti-Injunction Act. Construing Plaintiff's filings liberally and to raise the strongest arguments they suggest, the Court holds that Plaintiff fails to establish that the emergency relief he seeks falls within any of the three exceptions to the Anti-Injunction Act's prohibition against such relief and his request must be denied.

Temporary restraining orders and preliminary injunctions are extraordinary and drastic remedies. *See Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007). "The Anti-Injunction Act, subject to some exceptions, prohibits injunctive relief that would interfere, directly or indirectly, with pending state proceedings." *Pathways, Inc. v. Dunne*, 329 F.3d 108, 113 (2d Cir. 2003). The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Any "doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." *Mosley v. Selip & Stylianou, LLP*, 25-CV-02919 (NCM) (CLP), 2025 WL 2614972, at *2 (E.D.N.Y. Sept. 10, 2025) (citing *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011)); *see also Moore v. Sec'y, Dep't of Veterans Affs.*, 25-CV-05355 (FB) (JMW), 2025 WL 3240330, at *2 (E.D.N.Y. Nov. 20, 2025) (same). "Courts in this Circuit have long held that the Anti-Injunction Act [28 U.S.C. § 2283] applies to state-court evictions proceedings." *Gomez v. Yisroel*, 21-CV-2172 (PAC), 2021 WL 2138462, at *4 (S.D.N.Y. May 26, 2021) (quoting *Ochei v. Lapes*, 19-CV-3700 (CM), 2020 WL 528705, at *4 (S.D.N.Y. Jan. 31, 2020) (citing *Watkins v. Cesar*, 88 F. App'x 458, 459 (2d Cir. 2004))); *see also Moore*, 2025 WL 3240330, at *2 (same).

"The first exception . . . applies only if a federal statute explicitly authorizes an injunction staying state proceedings or if the statute 'create[s] a specific and uniquely federal right or remedy, enforceable in a federal court of equity, that could be frustrated if the federal court were not empowered to enjoin a state court proceeding.'" *Peters v. Caton Towers Owners Corp.*, 25-CV-4176 (RPK) (JRC), 2025 WL 2822614, at *3 (E.D.N.Y. Oct. 5, 2025) (quoting *Mitchum v. Foster*, 407 U.S. 225, 237 (1972)). The first exception does not apply here despite Plaintiff's invocation

of 42 U.S.C. § 1983. *See* Mem. at 1. "[A]lthough 42 U.S.C. § 1983 actions are exempt from the Anti-Injunction Act's prohibitions," *Noe v. Ray Realty*, 19-CV-1455 (RAO) (TW), 2019 WL 8111914, at *2 (S.D.N.Y. July 2, 2019), *report and recommendation adopted*, 2020 WL 506459 (S.D.N.Y. Jan. 31, 2020), courts in this District have held that "the 'expressly authorized' exception to the Anti-Injunction Act could not be relied upon in a § 1983 action to enjoin a state court eviction order." *See Hidalgo v. New York*, CV 11–5074 (JS) (ARL), 2011 WL 5838489, at *3 (E.D.N.Y. Nov. 17, 2011) (citing *Baumgarten v. Cnty. of Suffolk*, CV 07-539 (JS) (AKT), 2007 WL 1490487, at *7 (E.D.N.Y. Feb. 20, 2007); *see also Sierra v. City of New York*, 528 F. Supp. 2d 465, 468 (S.D.N.Y. 2008).

The second exception also does not apply because that exception, "which allows a federal court to stay a state court proceeding where necessary in aid of its jurisdiction, is generally reserved for state court actions in rem, because the state court's exercise of jurisdiction necessarily impairs, and may defeat, the federal court's jurisdiction over the res." *Moore*, 2025 WL 3240330, at *2 (quoting *Mosley*, 2025 WL 2614972, at *2). Here, the Suffolk County District Court eviction proceedings concerning the Property are against Plaintiff, and the second exception does not apply. *See id.*

Finally, the third "relitigation exception" plainly does not apply because Plaintiff does not assert that there are any federal-court judgments or extensive federal proceedings that the requested relief seeks to protect. *See Moore*, 2025 WL 3240330, at *2; *Manning v. City of New York*, 24 Civ. 4747 (LGS), 2024 WL 3377997, at *2 (July 11, 2024).

## CONCLUSION

For the foregoing reasons, Plaintiff's Proposed Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction is denied.[2] Although Plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this Order to the Plaintiff and note mailing on the docket.

SO ORDERED.

/s/
ORELIA E. MERCHANT
United States District Judge

October 29, 2026
Brooklyn, New York

[2] Because the Court denies Plaintiff's Proposed OTSC on the grounds of notice and Anti-Injunction Act, it declines to review Plaintiff's other arguments.